<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HICHAM AZKOUR | : | |
| Plaintiff, | : | Civ. No. 05-5633(DRD) |
| v. | : | **O P I N I O N** |
| CHRISTOPHER CHRISTIE, et al. | : | |
| Defendant. | : | |

Mr. Hicham Azkour
118 Magnolia Avenue, #4
Jersey City, New Jersey 07306
    Plaintiff, Pro Se

**Debevoise, Senior District Judge**

    Plaintiff, Hicham Azkour, filed a complaint naming as defendants Christopher J. Christie, the United States Attorney for the District of New Jersey, and Leslie G. Wiser, Jr., as Special Agent in Charge, Federal Bureau of Investigation. Plaintiff applies for leave to proceed without payment of fees. The information contained in the application supports his request and an order will be entered granting it.

    When a court grants such an application it has an obligation to review the complaint to determine whether it should be dismissed as frivolous or malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i). The complaint alleges in general terms that the defendants "have failed to consider multiple requests to process his complaint and proceed with an investigation as regards civil rights violations to which he had been subjected on October 7, 2005 and October 8, 2005." Plaintiff seeks an "order enjoining Defendants to consider his meritorious complaint and initiate

an investigation."

Plaintiff alleges that on three occasions he filed written complaints with "Defendants' respective Offices." The last complaint that he filed with the United States Attorney's Office was on November 8, 2005 and the last complaint he filed with the Federal Bureau of Investigation was dated November 18, 2005. "FBI agent Michelle Lease heard the allegations and had been hand-delivered a written complaint."

Apparently the subject matter of plaintiff's complaint does not fall within the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq. nor within the New Jersey Family Leave Act, N.J.S.A. 34:11B, et seq. Accompanying the complaint is a December 16, 2005 letter to Plaintiff from the New Jersey Division on Civil Rights advising him that "[r]egrettably, your claim does not fall within the jurisdiction of the Division."

The only hint of what it is that plaintiff demands that defendants investigate is contained in paragraph 3 of the complaint, which reads in its entirety:

> 3. Plaintiff complained to Defendants that he had been subjected by the Jersey City Police Department, Mr. ALEXANDROS STAMATIOU and Mr. ANASTASIO STAMATIOU to crimes which are violations of the following federal statutes:
>
> - 18 U.S.C. §241
> - 18 U.S.C. §242
> - 42 U.S.C. §3631
> - 42 U.S.C. §14141

Section 241 of 18 U.S.C. makes it a federal crime for two or more persons to conspire to injure, oppress, threaten, or intimidate any person in the free exercise or enjoyment of any right

or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same.

Section 242 of 18 U.S.C. makes it a federal crime, under color of any law, statute, ordinance, regulation, or custom to willfully subject any person to the deprivation of any rights, privileges or immunities secured by the Constitution or laws of the United States or to different punishment, pains, or penalties, on account of such person being an alien, or by reason of his color or race than any prescribed for the punishment of citizens.

Section 3631 of 42 U.S.C. imposes criminal penalties upon whoever by force or threats of force willfully injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person because of his race, color religion, sex, handicap, familial status or national origin because he has engaged in designated transactions involving dwellings or participating in any of the activities, services, organizations or facilities or dwellings.

Section 14141 of 42 U.S.C. provides in subsection (a) that it shall be unlawful for any government authority or agent to engage in a pattern or practice of conduct by law enforcement officials with responsibility for the administration of juvenile justice that deprives persons of rights secured by the Constitution or laws of the United States.  Subsection (b) provides that whenever the Attorney General has reasonable cause to believe that a violation of subsection (a) has occurred may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.

The Complaint does not even suggest in what manner these statutes have been violated. It does not suggest on what basis this court can interfere with the wide discretion granted to a prosecutor in determining what crimes should be investigated and prosecuted.  It does not

suggest why this action against the defendants is not barred by the principles of official immunity, whether absolute or qualified, see, Imbler v. Pachtman, 424 U.S. 409 (1976).

A complaint that is so devoid of allegations of facts upon the basis of which the extraordinary injunctive relief requested could be granted is frivolous within the meaning of 28 U.S.C. §1915(e)(2)(B)(i) and must be dismissed, albeit without prejudice. The Court will file an appropriate order.


February 21, 2006     /s/ Dickinson R. Debevoise
                       DICKINSON R. DEBEVOISE
                       U.S.S.D.J.